UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DIRECTV, INC., a California corporation,

        Plaintiff,

  vs.                                            Case No. 03-C-471

BRIAN BAUER, ERWIN RAMTHUN,
GLENN ROBERTS, MICHAEL J. STELMASZEWSKI,
R. W. WEST, DENNIS WITTHUN, GARY ALLEN,
MARK J. LANGENDORF, JAY BERMAN,
KEVIN BLUNT, SR.,

        Defendants.
_____/

## O R D E R

In a series of cases which invoke provisions of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, plaintiff, DIRECTV, seeks injunctive relief, statutory penalties, and costs from sets of individually named defendants. In each instance the defendants are alleged to have accessed DIRECTV's satellite television programing without authorization or payment of the customary monthly subscriber fee.

This particular action is among more than 20 cases which have been assigned to this branch of the court, and, in the aggregate, name more than 175 individual defendants. The first of this series of cases was randomly assigned to this branch. Thereafter, based upon designation by plaintiff's counsel, all

subsequently filed cases have been directly assigned by the clerk of the court as related cases.

At the outset it is significant to note that there are no allegations that the defendants named in the individual cases acted in concert or as a group. Indeed, the only common thread to be found is the fact that the defendants are alleged to have used "Pirate Access Devices" designed to permit unauthorized access to DIRECTV's satellite signals. For purposes of joinder this is insufficient, leaving avoidance of payment of a separate filing fee for each named defendant as the only apparent explanation for grouping various defendants. As such, the court finds that there has been a misjoinder of defendants. Therefore, pursuant to Fed. R. Civ. P. 21, the court is obliged *sua sponte* to order that the individual named defendants be severed from one another such that each defendant will stand as a separate defendant in a separately filed case.

To effectuate the court's severance order, plaintiff's counsel shall, on or before November 5, 2003, remit the applicable filing fee and file a civil cover sheet for each defendant named after the first such defendant in the case caption noting that the case has been severed from Case No. 03-C-471, pursuant to the court's order.

In light of the fact that to date there has been no appearance by or on behalf of defendants Erwin Ramthun, Glenn Roberts, Michael Stelmaszewski, and R. W. West, plaintiff's counsel, shall forthwith, provide each defendant and/or his counsel with notice of the severance together with a copy of this order.

Upon receipt of the filing fee and civil cover sheet, the clerk of the court shall open a new civil case file for each defendant, assign the case, and appropriately note the severance including both the new and original case numbers on applicable dockets.

Beyond the requirement of payment of the applicable filing fee, this severance order is not intended to be construed in a manner suggesting any substantive effect on the date the action was originally filed; service of process; or the assertion of any claim or defense by any party.

SO ORDERED.

Dated at Milwaukee, Wisconsin this __15th__ day of October, 2003.

BY THE COURT:

s/ J. P. Stadtmueller

J. P. Stadtmueller
U.S. District Judge